Rockingham, }
March 4, 1919. }

EDWARD H. BERRY, *by his next friend*, GEORGE H. BERRY,

*v.*

MASSACHUSETTS NORTHEASTERN STREET RAILWAY CO.

The argument of counsel, that the testimony of a witness was the result of "imagination cultivated under railroad influence," and that another witness was "under corporate influence, tarred with the corporate brush," being warranted by the evidence was unexceptionable.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The plaintiff was riding on a motorcycle over a bridge on which the defendant's trackmen were at work using an iron bar to test the planks. In passing along, his machine ran over the bar which was.

being used and he was thrown off and injured. The bar was broken. One issue related to the speed at which the plaintiff was going. Two witnesses for the defendant, George and Van Sluice, testified that he was going at a very high rate. Plaintiff's counsel in argument, commenting on the evidence of George, said it was "imagination cultivated in the minds of these witnesses under railroad influence." To this the defendant excepted. Counsel also referred to Van Sluice as a man who was "under corporate influence, tarred with the corporate brush," and the defendant excepted. Transferred by *Allen*, J., from the October term, 1917, of the superior court.

*Page, Bartlett & Mitchell* and *Ernest L. Guptill* (*Mr. Guptill* orally), for the plaintiff.

*Hughes & Doe* (*Mr. Doe* orally), for the defendant.

WALKER, J. The remark of counsel in argument that the testimony of some of the plaintiff's witnesses was the result of "imagination cultivated . . . under railroad influence" was unobjectionable. It was a statement of a fact bearing on their credibility which might be inferred from the evidence. If the remark was confined to the witness George who was not working for the defendant, it appears that he was present very soon after the accident and was shown the broken bar by the railroad men. Inspection of the bar, induced in this way, might naturally cause him to believe that the plaintiff was riding at a great speed, as he testified; and consequently it might be inferred that his judgment upon that subject was unduly influenced by that circumstance. While the remark may have been entitled to little weight it was not unsupported by the evidence.

The remark as to the testimony of Van Sluice was of the same general character. Its object was to induce the belief in the minds of the jury that he was prejudiced in favor of the defendant. He had been employed as a master mechanic in manufacturing plants which defendant's counsel called "great big factories." Ordinarily such plants are corporations; and it would be hypercritical to say counsel was testifying to an independent fact when he referred to Van Sluice as a man with a bias in favor of corporations. Counsel are not required to use language with scholastic accuracy of expression.

*Exceptions overruled: judgment on the verdict.*

PLUMMER, J., was absent: the others concurred.